My name is Mark Envold, may it please the court. I represent the plaintiff appellant and I'd like to reserve four minutes for rebuttal. This is a class action lawsuit to remedy a pattern or practice of discrimination by the defendant, Tech Mahindra. There are two substantive issues on appeal. First is whether the plaintiff's class action pattern or practice claim was timely. And second, whether the plaintiff pled that claim. So I just, to settle things up, you do concede that you forfeited your right to challenge the dismissal of your individual claim. So you're only focused on your class claim, yeah? That is correct. Okay, thank you. Go ahead. And an important question that is also disputed is, which of these issues should be considered first? And we submit that, as the trial court did, this court should consider the statute of limitations issue first. And that is because the statute of limitations issue, as the trial court decided it, directly impacts what type of claim the plaintiff will be able to proceed with. The way that the trial court resolved the issue, he was foreclosed from pursuing a class claim, and his complaint, which had been desired to meet the class action pattern or practice standard, was evaluated under a standard that he never intended to pursue and doesn't intend to pursue. Well, let me ask you this question. So in Magistrate Judge Senecal, if I'm pronouncing it correctly, in the R&R that was done, is there a conclusion that the District of North Dakota was the correct forum for this class action? Or was that not addressed at all? So it is a bit complicated, and this goes to the reasonability of this plaintiff choosing to intervene in that lawsuit. What the status was is that initially a plaintiff had sued, other than this plaintiff, and created a cause of action, a class action that was similar to the one that was pursued here. And that plaintiff had worked in North Dakota, so there was specific jurisdiction related to that plaintiff's claims. Now, this plaintiff did not work in North Dakota, so there was no specific jurisdiction in North Dakota. It was a general jurisdiction. I get that, but I guess my question is this. If the magistrate judge didn't speak to the correct forum, because it wasn't an issue, obviously, right? Because that plaintiff, Grant, was in the correct forum, right? And the crux of the district court's determination was Grant should go to arbitration, right? So this was compel arbitration, sent to arbitration. Now you have basically a rudderless class action. I get that, but there's no determination that North Dakota is the wrong forum, right? So now I take it your point is you don't need a judicial determination because Williams could not have gone forward in North Dakota. But that's what I'm wanting to get your input on. Why don't we need a judicial determination that that's the wrong forum before we can get into this wrong forum tolling analysis? Well, I certainly understand the question, and I think it's because that that report was a bit ambiguous as to that ruling. There was no sentence that said this is the wrong forum in that regard. It was Tech Mahindra that raised the jurisdictional issue. So they're the ones that they actually controlled their destiny in a way. So if they wanted the plaintiff to litigate in that case, they could have. They could have mooted all the issues with respect to the timeliness, with respect to the forum. That was in their control. And just a broader point that I want to make that I think is important is Tech Mahindra's only objection in this appeal is to whether China Agritech categorically precludes equitable tolling. Very importantly, they have not challenged the individual elements of equitable tolling. The individual elements are that it was timely filed, that it was the wrong forum, but that there was a reasonable and good faith belief that it was the correct forum, and that there was a timely and diligent refiling of the action in the subsequent forum. I'm sorry to interrupt you, but where do you get those elements from? Well, those elements have been dispelled from several cases that have applied it. So the big one is Island In Steel, right? And that's a Virgin Islands case that looks at Virgin Islands law. Correct. And they look at how Virgin Islands formulated its fraud statute. But it's Virgin Islands law dependent. We're under Pennsylvania law. Where do you get those? What case gives you those elements as controlling in Pennsylvania? Well, there's several cases that we cite, and it's all based on an equitable case-by-case factor. And those are elements that go into the reasonability of applying equitable tolling. Did any of those apply from the Pennsylvania Supreme Court to apply it directly to Pennsylvania, or are we just kind of saying this is a general principle that should apply kind of wherever, even though it was developed in the context of Virgin Islands law? Well, I'm not sure that they have made that an issue, but it is, I think, unclear as to whether it's entirely state law or federal law. But the Third Circuit has recognized that equitable tolling applies in the context of a wrong forum. Well, let's focus on that. So Inland Steel, which the judge is asking you about, where they start is there's a ruling on personal jurisdiction, a specific ruling by the court. Now, I know that we all know that they're applying Virgin Islands law, but that is a predicate for whether wrong-form tolling should apply. Now, there is no such predicate here, so that's – I don't want to hijack the judge's question, but I think that that is what we're focused on. We're not in the Virgin Islands, but there is that predicate, and why shouldn't that predicate apply here? Well, I think that the way that we cited this in our brief, there were several cases that we cited, and we focused on those that were the most clear in terms of elucidating the analysis. Regardless of the state, there is a recognition of equitable tolling. Now, in terms of how that's broken down, usually it is more of a discretionary judicial judgment by the trial court, and the specific examples that would precede that case would probably be different on a state-by-state basis. I guess I'm just asking, is there a Pennsylvania case that recognizes wrong-form equitable tolling? I don't know off the top of my head. So if there is no Pennsylvania case that you know off the top of your head, we're applying Judge Becker's case, Island and Steele, and in that case, he deals with this notion of personal jurisdiction, he deals with Virgin Island law, and those are predicates to get to wrong-form tolling. That's why I started with the magistrate judge's opinion and the district court opinion, because neither of them addressed this issue of wrong-form tolling. So if there's no determination that this is, in fact, the wrong form, how do we get there? Well, Illinois, I'm confident that Pennsylvania law does recognize equitable tolling based on a wrong-form. The case law is ubiquitous about wrong-form equitable tolling. In terms of the specific predicate factors that go into what are the equitable circumstances that would justify wrong-form tolling, I'm not sure that there's a Pennsylvania case that is specific enough that delineates those factors. My question is going to whether there was a determination that there was not personal jurisdiction here. And on that, maybe you could just clarify for us. We have in the R&R, it appears that Grant himself puts forward the notion that denying leave to add Williams' claims would be appropriate so he can refile elsewhere if the motion to compel were granted. And you mentioned a moment ago that this specific jurisdiction, personal jurisdiction, had been the issue raised by TMA that seems to be conceded by Grant here. Is that right in making the argument that if arbitration were to be compelled, that under those circumstances that there should be denial of the motion to amend so that Williams could refile elsewhere, which is then adopted as the recommendation by the magistrate and adopted by the district court? Was that from the briefing that went into it in relation to the argument about personal jurisdiction? So from what I understand from the record, it was conceded that if Grant was not able to proceed as a plaintiff in that claim, that there wouldn't be a jurisdictional basis to proceed in that forum. But at the time that the decision was made to intervene and try to participate in that class action lawsuit, it wasn't clear that Grant would be forced not to be able to participate in that case anymore. So whether or not jurisdiction existed was based on a contingent event that there was not clarity on at the time. But when you say there wouldn't be jurisdiction to proceed, you mean with Williams as the representative? Correct. And can you point us where in the record specifically there's that connection of the lack of personal jurisdiction being conceded as to Williams? I'm not sure if it's part of the record in this case. I don't recall whether it was filed as an attachment, but I know that attached to the motion to dismiss response was the response to the motion in leave that Tech Mahindra filed in the Grant case in which they raised the issue. And then ultimately there is also the magistrate's recommendations where they denied the motion to amend as to Williams because they determined it was moot due to having compelled arbitration with respect to Mr. Grant. But it sounds like what happened is there was a strategic decision by Williams once there was the motion to compel to go elsewhere. And what I'm suggesting I think we're both trying to get at is, at least as I, I won't speak for the judges, but at least as I read Island Inspeel, there's got to be some determination that you're in the wrong forum. And I think the judge is asking you, is there some way that you got there other than a strategic decision? Because if it's a strategic decision, then that would seem that this wrong forum tolling notion, there can be a lot of problems that arise. People could do all sorts of different, I'll use the word chicanery. I don't really mean into it that would be necessarily mean-spirited or anything. So that's what we're trying to get at, right? Was there some sort of determination? Could you infer from something that happened there was a determination? Or is this merely a strategic decision by Williams? I don't want to be in North Dakota. Grant's gone. This class action needs someone steering it. So I'm just going to go elsewhere. Because in that instance, why would wrong forum tolling apply? Well, I want to address your question, and I think that you, there's a decision at several points in time. One is, at the very moment whenever he decides, I want to pursue this claim, I want to be a plaintiff in this action, he has to decide, which jurisdiction can I go to? And at that point, it's not very clear. Because say he had decided, I want to go in the District of New Jersey, where he eventually refiled from the outset, Techmahinder could have moved under the first file rule, could have asserted other arguments that said, you should have filed in this existing class action. You filed a duplicate class action in this other case. It needs to be dismissed, and then you need to join this action. So it was decided that this was the most likely place and the best place to pursue the claims based on the procedural posture at the time. Can I just interrupt? Because I think you're making points here. But what I don't understand about this is this case comes to us on a motion to dismiss, 12B6. And we're asked to adjudicate not the sufficiency of the pleadings, but an affirmative defense. And we have oceans of case law that says, oh, we really don't want to touch the adjudication of a statute of limitations defense when we evaluate the sufficiency of the pleadings, unless it's robustly clear from the pleadings that the statute of limitations is violated. But here the analysis depends on tolling and all sorts of decisions that your client, was it reasonable for him to consider New Jersey in the first file rule? None of that's really obvious from the pleadings. So why isn't your argument just, hey, these are great points. We're happy to take those up at summary judgment. But you can't win on these points on a 12B6 looking just at the pleadings and then making inferences on what could have happened in North Dakota or New Jersey. Your client's entitled to those inferences here. Those inferences go in your client's favor now. So why don't you just say, hey, can't do statute of limitations now. It doesn't lend itself to this stage of the pleadings. And we have an ocean of case law that says we're really reluctant to do this, only in expressly obvious situations do we rule on this. Why don't you just say this isn't one of those situations. Whether wrongful or inequitable tolling applies, the complexity of that test is not an instance that allows adjudication at the 12B6 stage. Now let's talk about the merits of my claim. Why isn't that your argument? Well, I think that absolutely is correct. And I think that these issues are generally a fact that are resolved at a later stage in the case. But I will add, in addition to that, that here we don't even have an analysis of equitable tolling. If you look at the order itself, there's no discussion of the law with respect to equitable tolling, no discussion of the factors. I'm sorry for interrupting again. But your opening line or in your opening pitch to the court, you said there's two issues here. And you have to address statute of limitations first. And I guess because our entire case hinges on how you rule on statute of limitations. And I guess in my head, I'm thinking to myself, how can we address it meaningfully on this record other than to say, we can't address it on this record because you're entitled to all of the inferences. So I don't know that we can adjudicate this definitively one way or the other other than to say maybe the pleadings survive it. But we can't rule definitively on that issue on this record, can we? Even if you survive now, couldn't you lose again at summary judgment if they have better evidence of the unreasonableness, the potential, the punitive unreasonableness of your client's decision? Yeah, it's not an issue that they've challenged now, but they absolutely could challenge it in the future. And one of the options on this issue, and it's something the Third Circuit has done before, is to remand to the court below and to say, we want you to decide this equitable tolling issue based on the correct standard for equitable tolling because it's not categorically precluded by China Agritech. And at that point, the court would evaluate this issue, address the ruling, perhaps hold hearings on this issue. But the reason why the court didn't address any of that is because it confused equitable tolling with American pipe tolling and incorrectly held that China Agritech precluded equitable tolling, which it did not. But why wouldn't that simply be a sort of harmless error if we can look at the record here and say it wasn't reasonable? The delays at issue, perhaps even going and filing in North Dakota without there being criminal jurisdiction, but then after the R&R comes out with the recommendation of compelling arbitration, a month and a half delay, no action. And then the district court adopts that, another couple months go by before there's filing. Why shouldn't we say, you may be right, and perhaps the district court should have analyzed equitable tolling, but on the face of it, this wouldn't satisfy equitable tolling, and so affirmed on other grounds. Well, one of the aspects that I think you're getting to is the requirement that the plaintiff act diligently upon the decision that it became apparent that it was the wrong form. And there's essentially two approaches to that. One is, did you act within a short amount of time after that happened? And some courts have recognized within a couple months is okay for that. Or the second is, if you just paused the running of the sexual limitations time during the period of time that you were pursuing the case in the other area, would it have been timely? And here, under either approach, and we've done the math in our brief, this was timely. The case was pending in the District of North Dakota with respect to the plaintiff in this case for 246 days, and the plaintiff filed this action within four years and 246 days of the time that the claim accrued. The plaintiff also filed within two months of the court's decision to uphold the magistrate's recommendation and to essentially compel arbitration of the other lead plaintiff's claims. Can I ask you a question about the merits of your claim? You know, we live in this Bar Twombly world where we're governed by plausibility and we don't consider conclusory allegations are alleged in a pleading. And as I read your complaint, which you intend to stand on, that's how you're here, you've got finality and you're trying to convert a dismissal without prejudice to a dismissal with prejudice. It looks like I see about four or so really non-conclusory allegations. The workforce was heavily South Asian. They rely on an inordinate amount of H-1B visas. They spoke Hindi at conferences. Your client was terminated. Everything else strikes me as you say there's a general policy or there's this or there's that. Everything else strikes me is ethereal to conclusory. So if in our analysis the first thing that we do, and we have tests for this, we have a three-part test where the first thing you do is you take out all of the vague and conclusory allegations and once it's distilled to just the ones that are left, we look at those. And those allegations that I've kind of identified during the distilling for you maybe, you may disagree with that, but do you think that there's a claim? We've got a heavily South Asian workforce. The company relies on an inordinate amount of H-1B visas. They spoke Hindi at conferences and a plaintiff was fired. Is that plausible to sustain a pattern of practice claim? It is, Your Honor. And in the Teenster's case, one of the points that The Teenster's case decided before it found Twombly, right? That is correct. And the Teenster's case is actually not a pleading case. It's talking about what had to be proved at trial in Phase 1 and what ultimately became the Teenster's framework. And in that case and its progeny, there's a recognition that statistics is the primary way in which you show discrimination. Because especially in modern days, there's very few cases where discrimination is acknowledged. But these are workforce statistics. These statistics relate to the overall percentage of the workforce. That's correct. I mean, that strikes me. It's almost a boon to reverse discrimination cases, right? Because if you have basically a minority, it now becomes the majority in a company. You can say, oh, look at this. The population of South Asians is 42 times what it is in the general population in this company. You can say that for reverse discrimination cases. But you can't say that for what I call just more traditional mainline discrimination cases where if a company is majority-majority, they could never be 42 times the amount of their normal population amount. So it seems that if we look at just workforce statistics, it is a special rule only for reverse discrimination cases that I don't see a basis where courts are saying we will only look at overall workforce statistics as the basis. Other statistics, yes, promotion statistics, you know, termination statistics. But overall population of workforce as a way to prove a reverse discrimination case strikes me as a little tough under plausibility. Well, the way that courts normally describe statistics is with respect to what is trying to be proved. And what you have to show is you have to show a gross disparity with the statistics. But a gross disparity of statistics can support an inference of a pattern practice of discrimination. And here there is a gross statistical difference because the relevant percentage of the available applicants is 12%. Yet 90% of the company's employees are South Asian descent. So that in and of itself is sufficient at a later stage. Now, at a later stage, of course, that will be developed with an expert proof and it will come in a different character. But at the pleading stage, we've presented the information in the form that we need to, just on that element. But there are other aspects of the claim which also support this, that show that even though Tech Mahindra has only 5,100 employees in the United States, they applied for 2,500, 3,100, and 4,700 visa applications for H-1B spots. And the reason that we rely on numbers for the entirety of the company is about allegations for how the business model works. And this is an IT consulting company that works on a project basis. They get a project from a client and then they have to staff. Let me ask you a question about how these statistics work with regard to the merits. You talked about Teamsters a few moments ago. First question is, is there a tension between Teamsters and Comcast? Because it seems that one way to look at Teamsters is the essence is you have to show but for causation. And if that's what this is about, at least at the pleading stage, then merely quoting the statistics doesn't get you to the quote-unquote finish line, even at the pleading stage. So help me with that. So one thing that Justice Gorsuch said in Comcast, which is our most important point on the pleading issue, is that what has to be pled has to be determined with reference to what the plaintiff has to prove at trial. And in the individual 1981 context that Comcast dealt with, the plaintiff conceded in that case, they had the burden of persuasion to prove but for causation at trial. They tried to carve something out and said, well, earlier in the case we don't have to prove but for causation, but later in the case we do have to prove that. In a Teamsters case, there's two phases. Phase one is the only thing you have to show is a pattern or practice of discrimination. And what the Teamsters case says is that when you show a pattern or practice of discrimination, then the burden shifts. That in a way satisfies your causation burden. And then the burden shifts to the defendant to prove with respect to an individual instance. So forgive me if I'm wrong, but isn't Teamsters a Title VII case? It is. But Title VII isn't governed by but for causation, is it? It is not. But this is a 1981 case. So although you claim it's a pattern and practice analysis, right, how can we have and apply the exact same Teamsters phase one, phase two analysis after we're told by the Supreme Court that since 1981 involves but for causation, and you have to have it at the pleadings, that satisfying phase one for Title VII, which doesn't require but for causation, is good enough to get you through 1981 at the pleadings? Well, the pattern and practice case is not unique to Title VII. It applies to 1981. It also applies to... Maybe so, but it has to have... doesn't it have to have... It can't be the exact same pattern or practice claim in the 1981 context where the Supreme Court says mixed motive isn't good enough. We need but for causation. That's right. And the Gavelich case is actually a Third Circuit case where it dealt with the pattern and practice framework in the context of ERISA. And the court specifically held that it was an error for the district court to require the plaintiffs to show but for causation whenever they had demonstrated a pattern or practice and class-wide violation of ERISA. And ERISA does require but for causation. So the same framework would apply. We would still have to show that discrimination occurred on a class-wide basis in phase one. And then in phase two, that's whenever it would be applied as to individual circumstances. The same source framework is clear that you don't have to show a specific individual case of discrimination in order to establish pattern practice. But we had in Gavelich, we had that but for causation already established for the step one of the analysis. That's right. So why shouldn't, in trying to reconcile these cases, why shouldn't we think of the nature of the pattern or practice of discrimination, that itself requiring a showing of but for causation? That whatever the alleged pattern and practice is, you need to show that it wouldn't be that particular pattern or practice absent discrimination, absent some illegal motive. And that was established in Gavelich at the first step. That's absolutely right. And if this case were to go to trial, there would be a phase one, and what the jury would determine was, is there a pattern and practice of discrimination by the defendant? That would be the question presented. And the allegations support that point, and they're directed towards that point. And once we prevail in phase one, then the plaintiffs are entitled to a rebuttable presumption that they individually were terminated or suffered an adverse employment action due to the pattern and practice of discrimination. And what the case has discussed is that if you show that a company is engaged in a pattern or practice of discrimination, it's a consistent practice, then that demonstrates that the plaintiffs from the past were likely suffered adverse employment action due to that. Are you suggesting that just the pleading of statistics, that that could be sufficient to support an inference of but-for causation at the pleading stage? Is that your argument? Potentially. What's clear is that that's all you need to show for a pattern or practice claim at the pleading stage. You just have to show that there's a pattern or practice of discrimination. That just strikes me as ignoring Comcast. If we allow a claim to go forward just because there's allegations that would satisfy Teamster's phase one, and we say nothing about but-for causation, wouldn't the Supreme Court look at us and say, didn't you read Comcast? We just told you that but-for causation is a necessary element of the claim, and we just told you that you have to prove at trial what you have to allege in the pleadings, and you just evaluated the pleadings, Third Circuit, without any attention to but-for causation, which we told you was a necessary element of the claim, and you were just content to go with phase one. I mean, it seems that we're just setting ourselves up for being, if we buy this argument that Teamster's phase one is fine without any attention to but-for causation, we're just setting ourselves up for the criticism that we forgot to read Comcast or that we misread Comcast. Well, I don't think that Comcast forecloses that because the focus of Comcast, there are two points in that that I think were very important. One is that based on what you have to prove at trial, and it was clear in that case that the plaintiff always had the burden of persuasion to prove but-for causation. Now, in a pattern or practice case, there's different elements that have to be proved, and some of them are more difficult and some of them are easier. It's easier with respect to an individual claim because that's not the focus in a pattern or practice case. But the burden doesn't switch on but-for causation in the 1981 context. Comcast didn't say the but-for burden switches here, did it? Well, what it said, that case was in the context of a McDonnell Douglas, and in that case, the plaintiff argued that McDonnell Douglas was a burden shifting, and they tried to rely on that to carve out a different treatment of but-for causation in the pleading stage. What's different between McDonnell Douglas and Teamsters is that McDonnell Douglas only shifts the burden of production. It never shifts the burden of persuasion. But Teamsters framework does shift the burden of persuasion to where- the plaintiff in this case would never have the burden of persuasion to show that he was individually- He'd never have that specific burden in this case. So maybe if you brought a Title VII case, you didn't bring one, I assume it's because you just didn't exhaust the EEOC and other things like that. I don't know why you didn't. I don't really need to know why. But if you brought a Title VII case, that might make sense. We brought a 1981 case, and just-Comcast doesn't talk about this burden shifting. It says we need but-for causation at the pleading stage. Maybe there's burden shifting later on, but I read Comcast saying you need but-for causation. Whatever happens later was maybe beyond Comcast. But at least I don't know how we could say we can clear this case at the 12B6 stage without any attention to but-for causation, because 1977 Teamsters case, late 70s Teamsters case- 77. 77? Yeah. It says you've got the allegations of Phase I. Well, I think one other thing that's important is Comcast doesn't discuss the Teamsters framework or the change in burden of persuasion, because that case was not a pattern practice case. Let's take a different tact for just a moment. Let's assume just for a moment that it is but-for. All right? So how about you answer the but-for question? What have you marshaled in the complaint that would lead us all to believe that you have enough at the pleading stage for but-for? Okay. Well, we have alleged facts to show that there was a pattern or practice of discrimination. But you agreed with Judge Phipps a moment ago that there are four non-conclusory allegations. Now, maybe you didn't agree, but if you did, and I didn't hear you say you're wrong, Judge, there are four. The workforce is South Asian. They spoke Hindi. Your client was terminated, and there was one more, which- I have to rely on an inordinate amount of H-1B visas. Right. I'll take better notes. But those are the four that we have before us. Help us on but-for. Tell us you have enough on but-for, and what is it? Okay. Well, under the pattern practice framework, which is available in a class action case, if you show that there was a pattern or practice of discrimination, that creates a rebuttable presumption that the individual adverse employment action was caused by the discrimination. But it has to be a pattern or practice of discrimination. And if we are to accept the premise of Judge Greenaway's question, that you need the but-for causation to get that of discrimination piece of it to the pattern in practice, what do you have that shows that this pattern that you've described is due to a discriminatory intent? Well, I-and maybe I'm just not misunderstanding the question. The way I understand the Supreme Court case law, talking about the pattern practice framework, demonstrating that first element in phase one creates a presumption that an individual case was due to but-for the discriminatory policy that was in place. In other words, from the impact, you would infer the but-for causation. You would infer the intent, and you think the complaint is sufficient to do that after Comcast. Yes. And that's the rationale for why the burden of persuasion shifts to the defendant in phase two of a team search case. But would it really be so hard to put forward some more substantial evidence, statements, written policies, emails that indicated that the pattern you described was due to discrimination and not something else, something that was not pernicious? Well, some of this goes to things that are more difficult to do before you have any access to discovery. And I think what we have alleged is sufficient to open the door to discovery to be able to show things like that. But one of the things that I want to point to, and this is something that the court said, you didn't have any statements showing that this individual employment action was due to a discriminatory intent. And the reason why the pattern practice framework exists is to show that when a company is operating on a significant level in this way, that it relieves the burden of an individual discrimination case, showing that the specific discrete decision was part of that overall framework. But it strikes me that team search just wasn't developed in the context of but-for causation. It was developed in the context of mixed motive discrimination where you could say, listen, if you show that there was some element of discrimination in a decision, then you might violate Title VII. It doesn't have to be the but-for reason for it, and that's why there's many, many, many cases where a person says, yes, I did do something wrong in the workforce. I might have been subject to being terminated. But other people who did the same thing wrong weren't terminated, and I'm going to infer that it was based on race is how a lot of those claims go. But that's because there's this allegation of kind of mixed motive. So there might be a legitimate reason, but you say, hey, that presence of this pattern or practice is good enough. But none of that's a but-for analysis. And so it just strikes me that when we say Phase I exists, Phase I was made without any attention to but-for causation. It was allowed to say your case can go forward when you have a pattern in practice because the pattern in practice supports the inference that discrimination was a motive. Here, after Comcast, you have to say that pattern or practice was not a motive, but was the but-for cause of the problem. So it strikes me that Teamsters cannot translate perfectly into the 1981 context post-Comcast. Well, my reading of Comcast is not to 1981 in every possible circumstance, but to the context in which it arose, which was an individual claim for a 1981 case. It did not involve the Teamsters framework. And it is well-established, and it's not challenged by Tech Mahindra, that you can pursue a 1981 claim through a pattern and practice framework. And one of the things that I want to emphasize is that there are certain aspects of the claim that are more difficult to prove at the pleading stage. You have to show not only that your individual claim was discrimination, but you have to show that that's a routine practice of the company, which is a difficult standard to meet in a lot of settings. But there's less of a requirement to prove that the individual circumstances in isolation were but-for caused by discrimination. Can I step back, unless my colleagues want to talk more about this piece of it? You opened saying that we should address timeliness first. Is there a reason that we are required to address it first, or what's your argument that we should address that before looking to merits? Well, you can, I think, have the discretion to decide it either way. I think that it is helpful to look at the timeliness first, because if this court finds that the class action claim is precluded, there's no further inquiry to do, because we're only pursuing a class action pattern or practice claim. That was the claim that we pledged. That's the only claim that we intend to pursue. But you seemed to indicate earlier that on timeliness, that if we were to accept that there is an equitable tolling doctrine that's applicable and that the district court didn't address, that the right approach would be for us to remand for the district court to make findings as to diligence and reasonableness. So if that's the case, should we then go and address merits to see if there's really a reason to remand? Sure, yes. And I think, ultimately, I would urge you to consider both of them. We need to win both in order to have a claim. But I think that one thing that this court could consider, and the court could have the option to remand on both issues. The court could also say, with respect to the pattern practice claim, the appellants are correct that this pattern practice framework, not the individual standard, governs these claims, because the pattern practice claim was timely. And therefore, you need to determine under the pattern practice framework whether they've put forward enough to meet these standards. And if the court did that, then we would also have the opportunity to seek to amend, for example, to add additional allegations. Having forfeited that, I mean, at one level I get that, but I thought the time to amend was after the dismissal with how prejudice happened. And then you said, no, we're going to stand on our complaint. I mean, it seems strange to say, we want to stand on our complaint so we can get to the court of appeals. Now we want to argue in front of the court of appeals that maybe you should remand so that we could amend our complaint. Like this stand on the complaint doctrine is a very unusual thing, and our circuit is kind of towing towards embracing it. But it seems like it's a real, you know, it's a cold shower on that doctrine if people want to stand on their complaint only to come to the court of appeals and later say, yeah, you know, the real answer is to give us a chance to amend. Because you had the chance to amend, and you rejected it. And so it strikes me that I don't know how in the world you can say you stand on your complaint and then you want a chance to amend later to make pattern of practice claims. That seems that it's flirting with finality in an unfair way. And I understand that, and I think that that would absolutely be correct as to an individual claim. I don't think that we forfeited an opportunity to say, look, we met this other framework, here's some specific remarks about this individual transaction. We stood on our complaint because the class claims, the pattern of practice claims that we always intend to pursue were dismissed without prejudice. We had no option to amend to add additional allegations. Well, then there's not finality. But it's dismissed without prejudice. Yeah. Well, the class claims were dismissed without prejudice. Did you say with or without? The class claims were dismissed with prejudice. So you're seeking to use equitable tolling to be able to revive the class claim, which would then give you a basis to amend for purposes of the class-based pattern of practice claim that the district court never ended up addressing because on timeliness grounds, it knocked out the class action piece of this completely. Yes. If the court addressed the equitable tolling issue in the manner we believe it should have and just said your pleading wasn't enough for this pattern of practice claim, we believe the court would have given us an opportunity to correct that. But because of the way that the court ruled, if we had asked for leaves to supplement our pattern of practice class claim, the court would have said absolutely not. That claim is time-barred. What are you doing adding additional factual allegations to that? Well, you would do that. Then you'd have a final ruling without needing to stand on your complaint. Well, I will tell you when we looked at this, it was a bit of an unclear soup. We wanted to make sure that we preserved the issue. We wanted to make sure that we had an opportunity to appeal short of pursuing this all the way to the end as an individual claim and then saying, well, now we actually want to go back and this should have been a class claim all along. That's why you conceded on the individual claim. Yes. So your argument to us is that you had a final ruling in terms of the timeliness on the class claim and the final ruling on the individual claim that you're not contesting. Right. If that's the case and we were to follow that line of thinking, then we would need to really engage with the equitable tolling argument. There, I just had a couple other questions. Specifically, we have not, and maybe you can point me to some other courts that have addressed equitable tolling in the class action context. We in the Supreme Court have as to fraudulent representations, as to exceptional circumstances. But should we think about equitable tolling in the class context as a species of exceptional circumstances or would we be breaking new ground and should we think of that as a separate doctrine entirely? Well, the most important point I want to emphasize is equitable tolling is distinct from American pipe tolling. Now, in terms of is it new ground in the class context, in a way, the way that the case law describes equitable tolling is every single case is unique. Every single case is case-by-case basis based on the equities of it. It doesn't necessarily lend itself to a general rule, the way that the cases describe equitable tolling. And one of the things that I want to point out is the contrast between American pipe tolling and equitable tolling. One of the concerns that the Supreme Court had with allowing back-to-back American pipe tolling is that American pipe tolling is automatic. No one looks at an individual case and says, this person should get it based on what they've done. You just get it because you're in the putative class. And that's why it was right for abuse. Whereas a ruling in favor of the appellant wouldn't be right for abuse because anyone that is seeking equitable tolling in the future would still have to convince the trial judge that their case was an extraordinary circumstance that merited tolling to prevent injustice. So this is not one where you worry about the adverse consequences. The adverse consequences only go the other way. If you adopt a rule that says a class action case, no matter what, cannot be equitable tolling, you're going to allow for all kinds of situations where there is an injustice, but it doesn't matter because, categorically, there is no equitable tolling for a class action claim. And I would submit because of the consequence of the China Agritech case, it's more important to have an equitable tolling to allow for something like where a plaintiff filed in the wrong forum or that there were some extraordinary circumstances that prevented them from filing in a timely fashion. Is there anything in the record that suggests that there is a reasonable basis  after the district court's ruling? So, yes. I think that there's generally two approaches for tolling. One is just, did you do it fast enough, however much time? And the other is, if you paused the running on sexual limitations time, would it have been timely if you just resumed that clock whenever the first action was dismissed? And it depends on the circumstances which of those is the stricter approach. For example, if you filed the first action when you had one day left of time under the sexual limitations, you'd only have one day to file the other action, right? So, allowing a month and a half, two months, that would be the more linear approach. But if you had three years left and then you said, you know, you have to file within a month if you can't wait your three years and then refile, then the two months is the more strict approach. Here, we filed it before either. We filed it within a month and a half of that, and also even if you just paused the sexual limitations time, we filed it within that time. I thought it was 75 days, and I guess we're still waiting to hear cases. The judge asked you about cases. Do you have any cases? No, for the time? On our question? Yes, those are in our briefs. Are there other courts of appeals that have accepted the application of equitable tolling doctrine in the class context? Not that I know of. There's one case that they cited, and this is the South Nevada case. Almost all of their cases, including one that Your Honor was a part of, dealt with American pipe tolling. There's one case that they cite from the Ninth Circuit that was not designated for publication that says we reject American pipe tolling and we also reject traditional equitable tolling, but there's no explanation for it, and the case that they cite is a California state law case that's discussing American pipe tolling. So there is not a significant appellate ruling from other circuits on this issue. I'm not certain about this, but I'd like your thoughts on this. If the tolling relates to the nature of Rule 23 in class actions, that strikes me as something that is based in federal law because we're talking about what we need to do to toll a class action that's recognized in federal, creature of federal law. But if the tolling relates to kind of equity principles as an exception to a state law statute of limitations, then doesn't that different type of tolling, that equitable tolling, wrong form equitable tolling, depend not on federal law but on state law? Well, it is a complicated question. I would agree with you that the American pipe tolling certainly is federal law based, and that's based on Rule 23. Now, with respect to the... But equitable tolling is an exception to a state statute of limitations. It's not really dependent on Rule 23. Well, here it's a bit complicated because the cause of action is 1981, and so the statute of limitations is based on the federal statute of limitations, but that sometimes borrows from a state statute of limitations. And it does so here. In fact, it got a very generous borrowing from it here, a four-year instead of a two-year, right? Correct. And so if we're going to set the benchmark for how long the statute of limitations is, and we're going to go out for four years based on state law principles, it seems that we should look at state law principles to see if there's further exceptions to that bar, not necessarily look to Rule 23 or federal law principles. I think you're right about that. And I think that I will look to see if I have a Pennsylvania case. Yeah, I'd really be interested in that. But I also think that if equitable tolling is governed by state law and American pipe tolling is governed by federal law, that's another explanation for why China Agritech, addressing American pipe tolling under federal law, would not have barred equitable tolling, which... Well, does that mean that... I don't know this because I don't off the top of my head know what Pennsylvania has said on this, but let's say for a moment that Pennsylvania state law, Pennsylvania Supreme Court, hasn't spoken or adopted or embraced wrong-form tolling, because if they did, you would have told us about it. But let's just... Or you'll tell us on rebuttal. Sorry for... You can score some points on rebuttal. But let's just presume for a moment that Pennsylvania hasn't embraced wrong-form tolling. I think you've said that American pipe and China Agritech don't help you. So does that mean that if Pennsylvania... Assuming you're embracing the proposition that the judges proposed to you, which is that we should look not to federal law but to state law and this equitable principle, does that mean you would have to concede that there is no circumstance in which your case would be sufficiently tolled so you could go forward? I'm not sure that I fully understand the question. Oh, I'll rephrase it. Is your case over if you don't find something in Pennsylvania that embraces wrong-form tolling? Potentially so. I'm not sure I'm following because don't federal principles of equitable tolling apply under 1981 under our case law? Perhaps so. And I will say I want to lead with the point that this is not something that they have challenged in their brief. So I'm not prepared to speak to that exact proposition as to whether state law or federal law governs the equitable tolling. But you want us to apply equitable tolling, right? Right. No one's trying to dangle you here, right? The two judges have suggested propositions that you could either accept or reject. I mean, it can't be both, right? So you come here telling us you want us to apply wrong-form tolling. At some point, there was a suggestion maybe we don't need to argue wrong, maybe you don't need to argue tolling. Initially, you seem to adopt that. I mean, we seem to be moving a lot. So help us. In the first instance on tolling, should we look to state law or federal law, and if so, the support court? If you say Pennsylvania, I understand you have no cases. Well, the very first principle of conflict of law is you always look to see if there is a difference first before you get into the analysis as to which applies. And I'm pretty confident, and hopefully we'll have a case for you on rebuttal, that under Pennsylvania law, or whether if it's federal law, based on the cause of action and the federal statute of limitations, that there would be equitable tolling. If we think that this is critical to your case and it sounds like this precise point, whether it's federal or state, is not something that you've fully researched because it didn't take that as a challenge by your adversary, are you requesting additional time to submit something on that point? Are you offering us your views now as to whether it's state or federal that governs? I think that under either, that there is a recognition of wrong form tolling, and I may have a cite for you in a few minutes from the brief. I'll have to look at that to see. But there seems to be a unanimity on this principle, that principles of equity allow for some tolling to occur. I don't want to steal your thunder on rebuttal, but when I look at your blue brief and I look at the table of authorities, I don't see any citations to Pennsylvania state cases. I mean, that doesn't mean that a federal court can't make its eerie guess, or it's not really an eerie guess in this context, but it's best guessed as to what it is. But I don't see, I'm scanning at real time here, but I don't see a cite to a Pennsylvania state authority, a Pennsylvania state case that does it. Maybe there's a federal case that cites those and you kind of vicariously use that, but at least here I don't see a Pennsylvania case. You could say you're totally wrong, Judge, but I'm just saying I just scanned your table of authorities, which might make you want to think about the prospects of what you'll be able to come to us with on rebuttal. Okay. In light of Judge Krause's question, maybe rebuttal is not the place to address this. Okay. You do cite, Jones, the Donnelly incitement on the applicable law for 1981 statutes of limitations, but maybe you can address this issue in more detail for us when you return. Yes. So the statute of limitations in that case is based on the default statute of limitations that exists for federal claims, which is four years. And in that case the court held that if there was a claim in place before I think the amended statute, then it was governed by the state common law claim, and after that it was governed by the default statute that was passed with the amended act. And so this court determined, and Tech Mahindra agreed, that the four-year statute of limitations applied. So I believe the statute of limitations is governed by federal law, but with respect to whether a tolling doctrine would apply toward that statute of limitations, we didn't brief specifically whether that was governed by state or federal law. And part of the reason there was no briefing on that is because they didn't challenge what that equitable tolling would be appropriate if it were not categorically unavailable due to China agri-tech. I'm sorry, we've been talking about Pennsylvania, but is this in terms of state law? Is it Pennsylvania or New Jersey? New Jersey, I think, actually. Sorry. District of New Jersey. And in terms of New Jersey cases, do you know whether New Jersey, the New Jersey Supreme Court or New Jersey appellate courts have accepted wrong-formed tolling? I will come back with the citation if I have a further rebuttal on that issue. Very good. Thank you. May I please record I'm Ken Gage from Paul Hastings on behalf of Tech Mahindra Americas. Mr. Williams is not an extraordinary case, but he asks this court to do two rather extraordinary things. He asks this court to ignore Comcast. He asks this court to ignore China agri-tech. And it's a very simple case, if we look back at how we got here. Judge Martinotti of the district court found Mr. Williams' claims were tolled. He then evaluated whether or not he had a claim under Section 1981 and concluded that he did not satisfy the Comcast pleading standards. And then he dismissed his claim without prejudice, gave him an opportunity to re-plead, and he chose not to re-plead. But he found that the class claims were not tolled. Right? And so that, with finality, resolved the class claims. Right? I disagree, Your Honor. I think Mr. Williams certainly could have come back and he could have had an opportunity to re-plead. He could have re-pled in any manner in which he wanted to seek to lay the groundwork, if you will, for this extraordinary exception to China agri-tech that he's asking this court to find. So you're suggesting after a district court dismisses a claim outside the statute of limitations that there would be something other than futility in moving to amend the complaint on the time-barred claim? Your Honor, all I'm suggesting is that Mr. Williams, at this point, had forfeited his opportunity to seek that redress in the district court. He was given... He's not obligated to seek redress if it would be futile to seek to amend. Right? Well, Your Honor, I don't know that it would have been futile. And if Your Honor doesn't mind, I'm going to take a slight detour to the equitable tolling issue here because he is asking this court to create an exception to China agri-tech, which undisputedly is about equitable tolling. That opinion is clearly about equitable tolling. And Justice Ginsburg, in her opinion, she clearly cited to a couple of cases from the Supreme Court, the class actions, I believe, McGuigan, Menominee Tribe of Wisconsin, both of those. They set forth the principles for equitable estoppel that someone has to pursue their rights diligently and there has to be some extraordinary circumstances that give them the right to pursue a claim themselves and on behalf of a class. And in China agri-tech, the Supreme Court said that there are no such extraordinary circumstances that allow someone whose only basis for tolling is that they happen to be a putative member of a class action previously filed, which was the circumstance for Mr. Williams. But wrong form tolling raises issues, including in terms of reasonableness and diligence, that are different than those that were being addressed in China agri-tech. Frank? Your Honor, I think that China agri-tech addressed the question of whether or not an individual who receives the benefit of tolling because of a previously filed class action, which is what Mr. Williams is doing here, Mr. Williams did not pursue with any reasonable diligence his claims or his class claims. He relied on Mr. Grant, who filed a case in a court where there may not have even been jurisdiction over Mr. Williams' claims. Mr. Williams then waited until a motion to compel arbitration was decided and the motion to amend was denied and he waited a period of time after the report rec came out and he waited an additional period and he created no record in the district court, for your honors to review, as to whether or not he exercised reasonable diligence, whether we call it wrong form tolling or otherwise. The district court, as it appears, the district court's ruling was on the basis of American pipe. It addressed American pipe and only American pipe as a basis for tolling. Your Honor, I disagree. The district court relied on China agri-tech and China agri-tech at pages, I believe it's pages 1808 and 1809 of the China agri-tech opinion in the Supreme Court report. It's very clear. It's talking about equitable tolling. But China agri-tech puts a limit on American pipe tolling. Is it your position that China agri-tech applies to any kind of tolling? Even the fraudulent representation or extraordinary circumstances tolling that we in the Supreme Court have recognized applies in the class context. Your Honor, I think that's an academic question here. I think that what China agri-tech said, I think this court's decision subsequently in the J.P. Morgan case and the Weitzner versus Sanofi case also stand for the same proposition that Mr. Williams cannot pursue class claims here. And so, yes, China agri-tech is discussing the Supreme Court's decision in American pipe. But China agri-tech is about equitable tolling. Undisputedly, the language of the opinion makes clear it's about equitable tolling. So it just, as a blanket rule, precludes any successive suit in the class context regardless of the circumstances of that suit being filed. I'm not suggesting that this court should find that here, but I don't think this court has to answer that question because I think that the record presented to this court in this case certainly do not warrant a ruling that China agri-tech somehow doesn't preclude Mr. Williams because he did not under even this court's precedence. The Ensteel case, the Doherty case, both of those make clear that there has to be some showing at the district court level of reasonable diligence in extraordinary circumstances. How can that be done on a Rule 12b6 motion? Right? Like, that seems like an impossible task to say, we're going to try to move to dismiss a plaintiff's complaint that was outside the statute of limitations. Now we look to the pleadings, turns out the plaintiffs didn't plead reasons for why they were reasonable in their diligence or anything else like this. Statute of limitations, it just doesn't lend itself well to Rule 12b6 adjudication, except in the most clear circumstances. And here, if these doctrines apply, they're multi-factor doctrines with a lot going on. I mean, Judge Becker described it in Island Ensteel as a fact-specific multi-factor equitable tolling test. That sounds like a disaster for evaluating in terms of a Rule 12b6 stage of a complaint. So isn't the answer, maybe plaintiffs didn't produce the info that you say they didn't produce at this stage of the record. It doesn't mean that they can't survive at 12b6, it just means that it's an unfair ask in the record to evaluate and affirm the defense based on pleadings. I disagree, Your Honor. On the face of this complaint, it was untimely. On the face of this complaint, as a matter of law, he was out of time. Fine. And so he came back and made the argument for equitable tolling. And equitable tolling is part of the statute of limitations analysis. And he was given the opportunity to replete. And he made a conscious decision not to replete. But I thought the Federal Rules of Pleading said you have to have a short and plain statement of your claims, not of your rebuttal information to potential affirmative defenses that a defendant may raise. But, Your Honor, on the face of this complaint, he was out of time. Yes, and that's why you start with a very good statute of limitations argument. He now attempts to invoke an exception to the statute of limitations argument. And the answer is once he does that, statute of limitations, which is a really bad fit generally at the 12B6 stage, now becomes officially a bad fit for this 12B6 stage because we can't evaluate the fullness of the arguments in front of us based on the pleadings. And with all due respect, Your Honor, I respectfully disagree. I believe on the face, if someone files a lawsuit which on its face is out of time and there are no allegations in the complaint that support any basis for equitable tolling, and the defendant files a Rule 12 motion, the district court can absolutely decide that as a matter of law, as Judge Martinelli did here. And if the plaintiff, who has pled themselves out of a claim on the face of his complaint, pled an untimely cause of action, is given an opportunity to replead, it is incumbent upon him to do so and to at least include factual allegations in an amended complaint that says here's what happened and here's why the court should give me the benefit that Your Honor, Judge Phipps, is suggesting of going through discovery and having a factual inquiry. And Mr. Williams just didn't do that here. What's the context in which one can do that? That's the judge's question, right? I mean, the only thing he can do is he could have repled or come here. Absolutely, and he could have repled, and Judge Martinelli gave him the opportunity to replead, and he didn't. Yeah, but the judge, oh my God. Judge Krause? No. Relax. Judge Krause asked you before, how is that possible? If it's a statute of limitations ruling, right, there's nothing you can do in your repleading, right, to remedy that, whether it's with prejudice or without prejudice, so they've got to come here anyway. So this notion of, well, you know, he could have repled, that kind of falls flat, doesn't it? Well, that may well be, Your Honor, but I think for other reasons this court doesn't need to get to the tolling issue because, again, Mr. Williams is asking this court to ignore Comcast. Mr. Williams is asking this court to ignore the fact that if one doesn't have an individual claim, one cannot pursue a class claim. And he has conceded that he did not plead an individual claim here. And he hasn't cited any cases. He hasn't even made any argument that he somehow, just by dint of invoking the words pattern or practice, should be allowed to get past Comcast, pursue a class claim when he doesn't have one himself. Again, this is not an extraordinary case. And Mr. Williams is asking Your Honors to do two extraordinary things, ignore Comcast and ignore China Agrotech. Isn't there a difference between having a claim and asserting an individual claim separate and apart from the class claim in which you seek to be the representative? Is he obligated to file an individual claim in addition to the class claim to serve as class representative? Yes, Your Honor. One has to have an individual. We've cited a case, and I don't have the name of the case, but we've cited it in our brief. That stands for the proposition that one cannot pursue a class action unless one has an individual claim themselves. Not has. Plead. Plead. Plead. Yes, Your Honor. He has to plead an individual claim. And if one cannot even plead an individual claim, which Mr. Williams conceitedly cannot do, he cannot pursue a class action. Again, he's asking this court to ignore Comcast. And his allegations regarding representation and the like, those are certainly not sufficient for a couple of reasons. First, well, Mr. Williams was hired, so his general allegations about representation in the company do not bear on the but-for-causation question. Second, the Supreme Court has long cautioned that when dealing with jobs involving skills that are not generally possessed or readily acquired, it is critical to define the relevant geographic area as well as the qualified labor market. That's Hazelwood, Ford's Cove. Even in Teamsters, even in Teamsters, the Title VII case, the Supreme Court cautioned that use of general population statistics might not accurately reflect the relevant pool. And in that case, they were low-skilled jobs, and here Mr. Williams, according to his complaint, was a highly-skilled senior technology sales executive. So those allegations in the complaint are not sufficient to give rise to a claim that is plausible on the Comcast but-for-causation standard under Rule 1286. Given the way you're thinking about the case, you've focused on China Agritech. If we entertain the rolled-form tolling, how should we be thinking about it? One of the questions that arose with the adversary was whether there needed to be, as seems to be the case in Ireland, a determination on personal jurisdiction so that there's something from which to make the rolled-form argument. Obviously, the argument on the other side is there were a couple of gyrations before the court. Of course, a determination that the motion to compel arbitration should be granted. Now, a headless, so to speak, class action. No, don't grant the motion to amend in what seems like a strategic move to go elsewhere. Tell me your thoughts on rolled-form tolling and its applicability here. Well, first, Your Honor, I think if this court were to contemplate creating such an exception, I will call it, to China Agritech for wrong-form tolling. First, I think there would need to be a finding that there was the wrong form, and here there wasn't one. Second, I think consistent with China Agritech and consistent with equitable tolling cases generally, there would have to be a basis for concluding that Mr. Williams exercised reasonable diligence and that there were some extraordinary circumstances that prevented him from filing his class action in a timely manner. And there are no such allegations in this case, nor has there even been an argument put forth by Mr. Williams' counsel today that there were any extraordinary circumstances that precluded him from pursuing his claims in a timely manner in a proper court. And therefore, I don't think there would be a basis for finding that wrong-form tolling is a reason to get around China Agritech here. Well, that's merits of wrong-form tolling. I'm sorry, I missed the word? That's the merits of wrong-form tolling. But if his argument is that he was never given an opportunity to make that showing because the district court limited his consideration to American pipe tolling and this is a different species of tolling, then don't we need to provide that opportunity if we conclude that it is a different species of equitable tolling that was not, erroneously, was not considered by the district court? If all of that were true, yes, Your Honor, I suppose you would have to give him the opportunity, but I don't think this court needs to get to that because if you look at Judge Martinotti's conclusion that Mr. Williams does not have a claim under Section 1981, he has not satisfied the requirements of Comcast and he therefore cannot proceed with his case. His argument about pattern or practice, Teamsters doesn't get him past Comcast. Teamsters, as Judge Cooks has pointed out, it's a Title VII case. Teamsters also, which has been well-recognized by the courts, even this court in Hohender, as Your Honor may have been referring to, Hohender. The question is not whether the person has invoked the words pattern or practice. The question is what is the nature of the underlying claim and here the underlying claim is a Section 1981 claim where he needs to plead and ultimately prove, but at this stage plead, but for causation for his alleged harm under Section 1981 and he has no way around that and therefore Your Honors don't need to get to the tolling issue because he hasn't sufficiently pleaded a Section 1981 claim in any of that. But given the arguments he's making, we have to just keep backing up because he has suggested he needs the opportunity to amend to include those claims as relevant to a class and didn't have that opportunity because the class claim was knocked out on timeless grounds. Well, Your Honor, I don't think you need to send it back for that. He has squarely presented the question to this court of whether or not by invoking the pattern or practice mantra he can get around Comcast. This court can decide that as a matter of law, I think consistent with Hohender and the wealth of authority that we've cited in our brief, that this court can decide that's not enough and therefore you don't even need to address the question of whether or not there is some exception to China Agritech that would under some other circumstance allow someone to pursue a class claim. We're still under a plausibility standard, right? And so it just has to come forth with plausible allegations of but-for causation under your version, right? And so it doesn't have to make proof of but-for causation, just has to have plausible allegations of but-for causation. And so it strikes me that a way to thread the needle for plaintiffs is to say when we make a Teamsters Phase I showing allegations in our complaint, maybe that suffices for plausible allegations of but-for causation for at least purposes of Rule 12b-6. Judge Fuchs, I think that's exactly what they're asking this court to do and I think that's an extraordinary ask of this court. Asking this court to take a concept, pattern or practice that comes from Title VII, comes from the Teamsters case and graft it onto the Comcast decision. That's what he's asking you to do and our position is that that is not what this court should find. So let me just tease that out. Let's say he's not grafting it on. Let's just say he's saying, and I'm taking a little issue here but you can push back on me too, right? So the answer is this. He's saying you have to show but-for causation. You can allege that a whole bunch of ways in a complaint but isn't he just asking to say, shouldn't one permissible way being I made a Phase I showing under Teamsters and because I made a Phase I showing under Teamsters, wouldn't that at least get me over the plausibility hurdle for purposes of a 1981 claim? No, he may be saying that, Your Honor, but I don't think that's correct. Teamsters, I think his argument is foreclosed by Comcast because the Teamsters decision, it's an analytical framework not unlike McDonnell-Douglas, which in Comcast, the Supreme Court said can't get you past pleading requirements. Pleading requirements are pleading requirements. McDonnell-Douglas, and I submit Teamsters, are two analytical frameworks that the Supreme Court and the federal courts generally have developed over the years for analyzing Title VII claims at different stages. McDonnell-Douglas is at summary judgment. Teamsters is at trial. Pleading standards are pleading standards. So he's asking you, effectively Judge Phipps, to say that because at some later stage in the case, possibly under Teamsters, he could pursue this theory of proof, Phase I, Phase II, which we do not agree he could, but let's assume he could. He's saying if I could do it later, that creates some sort of an exception to Comcast where I don't really need to plead facts that give rise to a... So let me just crystallize this. Let's just say he had the best evidence ever in his allegations. Let's just say, says Tech Mahindra, they have, not conclusory, I actually have a copy of their policy, and their policy says, hypothetically, I'm not putting this on your client at all, but it says we actually have a policy, and we have a pattern, we follow a general policy of favoring South Asians in promotion decisions because they may have reasons for that. Let's just say they say, he comes forward and says, I've got this policy, and it says we like to promote South Asians. We try our best whenever we can to promote South Asians. Can we infer from that, if a plaintiff didn't get promoted, that it was, that that policy, express policy, was a but-for causation? Or in that instance, would we still say, not good enough. We need more evidence that that express policy was followed here and that that policy was, in fact, the but-for causation at the Rule 12B6 stage. You might win that argument at summary judgment, but at the 12B6 stage, when all we're worried about is plausibility, you think that's not plausible for but-for causation? If those were the only allegations, Your Honor, I would say, sure, that's plausible. But those aren't the allegations here. Mr. Williams specifically pleaded that he had performance issues. He specifically pleaded that he wasn't doing certain things that he needed to do. And he hasn't pleaded, other than in a conclusory fashion, Your Honor, what you posited was a factual pleading. That there is a... Right, I took away the... Exactly. And that's very different than invoking the mantra of Teamsters, which is all Mr. Williams is doing here. He's invoking the mantra of Teamsters. And that's clear in his briefs, and I think that's crystal clear. And I don't think that's enough. So how is that really different? In Judge Kipp's hypothetical, it's expressly stated as the reason for promotion decisions. But couldn't you plead facts, including a pattern of activity,  that there not being any other plausible reason? In other words, isn't that the nature of pleading with circumstantial evidence? It's not always going to be expressed. It can be circumstantial. And if what you've alleged in terms of the details of the given pattern support the inference that there is a policy that could be justified by nothing other than discrimination, that that being a plausible allegation, why wouldn't that be enough? But potentially it could, but not on the allegations in this complaint, Your Honor. I think potentially I could conjure up a circumstance like the one you just did, where someone specifically pleads facts that can lead to the conclusion that there is a pattern of behavior, a practice of behavior. The pattern in practice is a conclusion that one is drawing from the factual allegations that this, that, and the other thing occurred. What he's missing is the this, that, and the other thing. He's just invoking the conclusory allegation that there was a pattern, and here's the specific things that happened to me, and I think the things that happened to me resulted from what I believe is a pattern. That's what this complaint says, and as Judge Martinotti concluded, I don't think that's enough. All right. Thank you. Thank you, Your Honor. Thank you very much. Well, I first want to start with the cases that I was asked to give you. There's four cases that we've cited that I think will bear on this issue. The DePalma case, the Flores case, the Doherty case, and the Yang versus Village Supermarket case. Three of these are District of New Jersey opinions, and one of them is a Third Circuit case affirming a New District of New Jersey case. Each of these cases involve federal causes of action and federal statute of limitations, just like the Instant case. I don't see in these cases a discussion of the choice of law issue between federal law and New Jersey law, but it either wasn't raised or it wasn't material, and both of those are the case in this case as well. It was not raised even after I received a barrage of questions about it. It was not something where they came up and said, you're right, New Jersey law controls, and it's not available under New Jersey law. This is not a contested issue. And the other thing that I understood my colleague to say was that, well, maybe they should get an opportunity, but actually you should focus on the pleading issue, which I understood essentially to be a retreat on the issue of equitable tolling. The Hovinder case that he cited, that case actually indicates that the elements may be different for an individual versus a class action case for pleading pattern practice case. I also wanted to point out, you asked a question, what if they had a policy that said, we are going to favor South Asians? They may have that policy. We haven't had the opportunity to conduct discovery yet, and that's not something that we may be privy to or be able to allege at the pleading stage. There are two cases that we cited. What is your best fact at the pleading stage to satisfy but for causation? Your best fact. The best facts are the statistics that we cite. Is there anywhere in our precedent where we have said that in a 1981 action it is sufficient as a pleading matter merely to cite two statistics? Well, I'm not sure that one case incorporates all of that. It is non-controversial that you can proceed under a pattern practice framework for 1981, and there are significant cases that discuss what it takes to prove a pattern or practice of discrimination. And statistics are the primary method of proof that you would do that. But aren't your statistics so weak? I mean, aren't your statistics just the population, the percent population of South Asians in the general population, your percent of South Asians in the workforce population, and your percent of South Asians at Tech Mahindra? That's all your statistics. They weren't talking about the percent of applicants for jobs at Tech Mahindra or the percent of people who sought promotion under Tech Mahindra. It's two items that can be available, I assume, from either the Census Department or the Labor Department, and then something related to Tech Mahindra. It sounds to me that if this is all that's needed to meet but for causation for a class action under Section 1981, that's a really, really low bar that is very different than plausibility building some accounting, and we may differ or agree on how much, but for causation. Well, I want to just clarify one point. Our allegation was not 12% of the workforce, of the relevant workforce. Talking about the IT consulting industry. Oh, my time has expired. May I finish answering the question? Twelve percent of the relevant workforce in the United States is South Asian, but 90% of their workforce is South Asian. And the way that the proof would develop in this case, because we've had similar cases, is we'd have an expert say, what are the odds that without some type of discrimination, if you were just hiring based on that applicant pool, that you'd get from a 12% of the population of the applicant pool. There's a huge missing gap there, right? You don't know what amount of that applicant pool applied to Tech Mahindra. Tech Mahindra could say, hey, look, we had 95% or we had 99% of our applicants. You don't say that the entire applicant pool applied to Tech Mahindra, right? You say, these are the people who might be in this industry, but we don't know who applied to Tech Mahindra. And until you kind of fill in that gap, I mean, it's hard to say it's plausible. There might be, maybe there's a lot of travel to South Asia that Tech Mahindra demands of people, and so that discourages a lot of people from applying, even without a discriminatory but for purpose. There might be requirements to speak Hindi or something else like that, that you could sit there and say that is what reduces the applicant pool. But you've got two that are just general population statistics, and then one that is Tech Mahindra statistic. And that's actually really hard to just put those three statistics together and say, aha, a plausible allegation but for causation of a pattern of practice.  But I will say, there are other important allegations as well that go in to show the overall pattern of practice discrimination. H-1B visas, you've got an inordinate amount of H-1B visas. You've got your fact that they spoke Hindi at a conference, and you've got the fact that the plaintiff was terminated. Right, and I want to just explain how those relate with each other. If they have 5,000 employees in the United States and they apply for 4,700 H-1B visas, they have to make a certification that open jobs exist for those visas and that they attempted but couldn't hire someone locally for those jobs. So they essentially have a reservoir of travel-ready, visa-ready workers that are South Asian and India-based to fill positions as they open. And the allegation is that they have such a strong preference for South Asian employees that they have committed fraud, visa fraud, to have this pool of people available. And it's not as if, oh, they're just receiving 100% applications from South Asians. The reason why they have such an overwhelming percentage of South Asians is because they're skipping that process and just filling these jobs with visa employees. And the other thing is, even those that make it to the company, one of the other allegations is that they terminate non-South Asians at disproportionate rates. So even those extraordinary 10% that somehow made it into this company notwithstanding the discriminatory policy, they're fired at a higher rate than the South Asians. I've read that allegation. It strikes me as really, really, really conclusory. Like, it's stated, but I don't know that under Colombo we have to accept it as true. There needs to be something, say, you terminate at a greater rate. Well, the answer is, where is – that's really conclusory. Well, we do not have the specific percentage, and we won't have that until discovery. And I don't think it would be reasonable to expect a plaintiff in a private practice case to have that data before they even have the opportunity to request it from the defendant in discovery. Mr. Howell, you have not yet filed a motion for class certification, right? Correct. And so under those circumstances, why isn't Mr. Gage correct that the concession that you made earlier that your client does not have an individual claim left to plead, why doesn't that make this moot? Well, I'm not sure that I said – what I said is that we have – let me explain that. Our argument is that the pattern practice is the framework for pleading, and that we have met that standard. Procedurally, we have given up the opportunity to amend, to state a claim under the individual framework so that we could accelerate to this appeal, so that this issue could be considered. But if you don't – if you're not contesting the merits of the district court's decision, dismissing your individual claim, how can you serve as class representative? Well, one of the issues that the trial court determined that TechnoHandler has not challenged is they also challenged our standing. They essentially said, this person can never serve as a class representative for this class, and therefore, they don't have standing to pursue these claims. These class allegations should be stricken. And the court had a very compelling analysis as to why there was standing to pursue the pattern practice claim. So not to get – I know that you have already probably had to fill a standing discussion today, but he can serve as a class representative, because he does have an injury that – I mean, this is downstream, but what exactly would the class look like? I mean, at one level, the most that he can kind of say is that as of his date, which is outside of the statute of limitations, and you'd have to say it got told in, or somehow we got told in, there was a pattern in practice as of that date. I don't know that your client can say that there was a pattern in practice and serve as a class rep for anything after that date, and that date's outside the statute of limitations for which any other class member could join. So it strikes me that kind of he's in a subset of one, because it's strange to say the last day he was employed, there was a pattern of practice, but he wants to serve as a class rep for the pattern and practice and policies after that date and represent a class of people who would have to then show that those pattern and practices continued after his last date of employment that's outside the statute of limitations. So I'm kicking the can down the road, but I mean, it strikes me that I don't get how you compose a class when you save the lead plaintiff who's really, really, really far outside the statute of limitations. What do you think on that? Well, the proposed class includes both applicants and terminated employees, non-salvation. And part of the class would be based on the timeliness of their claims, based on when this class representative filed, and then other putative class members, their claims would be timely based on American class tolling, which is, again, not an issue of disappeal, but for those members. And also, too... But how can you be a representative when the pattern and practice that he's alleging is outside the statute of limitations that I guess they could bring under? You're saying that that's just going to be an American pipe issue? Correct. And it is possible, too, I will point out, that other class representatives could potentially join this class action. Again, that's down the road, and that would be circumstance dependent. But the case currently before us, if the only named representative doesn't have a live claim, how can we do anything more than dismiss the appeal? Well, I would dispute that he does have a live claim. Our position is that his employment was terminated because of discrimination, and because they had this pattern and practice of discrimination. The district court addressed the 1981 claim and dismissed it for failure to state a claim, and you have not appealed that ruling. So there's not an individual 1981 claim that your client has an interest in? Well, what we have appealed is that we say that for the claim that he seeks to pursue, the class action pattern and practice claim, he has pled a valid pattern and practice claim. The district court disagreed. Well, it's unclear. I would say... As an individual. My reading is that under the pleading standards that are applicable in individual cases, which our position is is different, the court found that he had not satisfied those. And one of the things that is significant is in a pleading situation, you can rely on a presumption. For example, if there is a legislative presumption that said if this person was X, then they get the benefit of this, that's something that you could rely on in response to a motion to dismiss. You could rely on a legislative presumption. And the pattern and practice framework creates a presumption. But that presumption is only available in a class setting. So whenever the complaint was stripped of its class character, the plaintiff could not benefit from that presumption that the entire complaint had been directed toward. So let me just ask this in terms of how the anatomy of your case breaks down. Let's just say that this may be based on the record, too, a little bit. But let's just say that the district court said, yeah, make a decision. Plaintiff has no individual claim. None whatsoever. And then you say, oh, that would be bad for me when I want to bring a class claim and serve as class rep. So I don't want to appeal that. I don't want to appeal that ruling. I just want to accept that as it is. I don't want to touch that. I want that to stay at the district court level. I don't want the court of appeals to ever look at that. What I want to do is I want to say, hey, I might still have that claim. I'm not challenging the judgment rejecting my claim. But I want to still assert that I have a claim and I want to be a class rep. I mean, I think that's what you're doing. And I think that's a little bit bleak, you know, in terms of, you know, how we normally decide things head on. Well, our position remains that what you have to prove in a class case versus an individual case is different. That is our position. But if you can't prove an individual case – I mean, this is just a simple question. If you can't prove an individual case, can you be a class rep? In a pattern of practice case, absolutely. Because you would never – The team search case and every case that has applied it. Those cases explain what happens in a pattern of practice case. There's never a point where the plaintiff has to prove with respect to their individual decision making in a vacuum. There's never a point where – ignore this pattern of practice and discrimination. What about just your individual case? Which is what happens in an individual 1981 case. There's never a point in a pattern of practice case where a plaintiff has to prove that absent the pattern of practice, that their individual decision was based on discrimination. There may be presumptions that arise in the team search context. But if the individual plaintiff has conceded that they don't have their own live case in controversy, how can they proceed with a class action help them? They have already acted themselves out of the class, haven't they? No, Your Honor. And this may be a misunderstanding. We have not advanced an argument that under the pleading standard for an individual discreet claim that we proceed. Because we're not seeking to proceed that manner. Our argument is that he has a claim under the pattern of practice framework. But can you tease this out? One of the reasons that you might not be able to proceed with your individual claim is because you don't have but-for causation. And if you don't have but-for causation, it strikes me as an individual, it strikes me as very hard to turn around and say, I don't have it based on my individual circumstances, but I'm pretty confident that I can serve as a class rep for a bunch of other people whose circumstances are more nebulously alleged, if even, that they have but-for causation. Because Teamster says so. Well, part of the policy of the pattern of practice framework is this recognition that when you know that a defendant is carrying out a pattern of practice of discrimination, that it's likely that most of those that were in the impacted category, that their adverse employment actions were due to that action. And that's why the framework is set up to create the presumption. So let me just work with you. If that's true, then why doesn't the plaintiff have an individual claim too for but-for causation? I guess what I'm saying is, if you say that there's evidence that it works for everyone else who we've got less allegations about, it strikes me as weird to say that it doesn't work for my client, but-for causation. Well, I'm not saying there was no but-for causation as to this individual. I'm not saying that. It's not challenging that one way or the other. We are focused on pursuing the pattern of practice claim that we always sought to pursue. And there are strategic reasons for it. I mean, there's a huge investment that goes into this type of case. It's not the same for an individual case. So it's not that we couldn't pursue this case. We have sought to pursue this as a class action pattern of practice case, and that's what we're continuing to see. Okay. Thank you very much. Thank you. Thank you both for your arguments. We'll take the matter under advisement.